1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:14-cv-05952-RJB |
| Plaintiff, | ORDER ON (1) UNITED STATES' MOTION FOR SUMMARY JUDGMENT AGAINST TERRY L. SMITH, LOUISE A. SMITH, TERRY L. SMITH AND LOUISE A. SMITH REVOCABLE LIVING TRUST, AND BLUE BEAR COMPANY; (2) DEFENDANT LOUISE A. SMITH'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND (3) DEFENDANT TERRY L. SMITH'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| TERRY L. SMITH, both individually and as trustee for the TERRY L. SMITH AND LOUISE A. SMITH FAMILY REVOCABLE LIVING TRUST; LOUISE A. SMITH, both individually and as trustee for the TERRY L. SMITH AND LOUISE A. SMITH FAMILY REVOCABLE LIVING TRUST; BLUE BEAR COMPANY; HSBC FINANCE CORP., as Successor in interest to HSBC BANK NEVADA, N.A.; and JEFFERSON COUNTY | |
| Defendants. | |

20

21

22

THIS MATTER comes before the Court on the United States' Motion for Summary

Judgment Against Terry L. Smith, Louise A. Smith, Terry L. Smith and Louise A. Smith

23

24

ORDER ON (1) UNITED STATES' MOTION FOR
SUMMARY JUDGMENT AGAINST TERRY L.
SMITH, LOUISE A. SMITH, TERRY L. SMITH
AND LOUISE A. SMITH REVOCABLE LIVING
TRUST, AND BLUE BEAR COMPANY; (2)
DEFENDANT LOUISE A. SMITH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT;  AND
(3)- 1

1 | Revocable Living Trust, and Blue Bear Company, which has been briefed by the parties. Dkt. 39,

2 | 48, and 52. Defendant Terry L. Smith and Defendant Louise A. Smith have also filed motions for

3 | partial summary judgment, which have also been briefed by the parties. Dkt. 35, 38, 45, 46, and

4 | 47, 53. The Court has considered the motions, responsive pleadings, and the remainder of the file

5 | herein. The Court has also considered the record in *United States v. Terry L. Smith, et al*., Case

6 | No. 11-cv-05101-RJB (W.D.Wash.) ("*Smith I*").

7 | <u>BACKGROUND</u>

8 | The relevant facts are not contested. Mrs. Smith, age 74, and Mr. Smith, age 72, have

9 | been married since 1982. Dkt. 37, at 1. Prior to marriage, Mrs. Smith worked as a secretary,

10 | nanny, and a domestic. She received her education in Sweden, where she completed secondary

11 | school and one year of secretarial school, and from where she immigrated to the United States at

12 | the age 23 in 1967. Dkt. 37, at 1. During the time that Mrs. Smith earned her own income, she

13 | understood that she had to file income tax returns. Dkt. 37, at 2. After their marriage, Mr. Smith

14 | worked as an airline pilot, the family's primary source of income, until his retirement in 2001.

15 | Dkt. 37, at 2. Mr. Smith oversaw the marital finances, while Mrs. Smith "kept up" the home,

16 | asking Mr. Smith for monies whenever needed for household essentials. Dkt. 37, at 2. The

17 | Smiths purchased a home in Port Townsend, Washington ("the Subject Property") in 1983 that

18 | they own and to which they hold title. Dkt. 23, at ¶1.

19 | Mr. Smith incurred tax liabilities for unpaid taxes for 1999-2004, the subject of *Smith I*,

20 | for which this Court ordered final judgment in favor of the United States and against Mr. Smith

21 | in the amount of $626,814.32. *Smith I*, Dkt. 81, at ¶1. *See also*, Dkt.79, at ¶1. The *Smith I* final

22 | judgment, issued on June 6, 2012, orders that: "the United States has valid and subsisting federal

23 |

24 |

ORDER ON (1) UNITED STATES' MOTION FOR
SUMMARY JUDGMENT AGAINST TERRY L.
SMITH, LOUISE A. SMITH, TERRY L. SMITH
AND LOUISE A. SMITH REVOCABLE LIVING
TRUST, AND BLUE BEAR COMPANY; (2)
DEFENDANT LOUISE A. SMITH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT;  AND
(3)- 2

1  tax liens on all property and rights to property of Mr. Smith as well as the marital community of

2  Mrs. Terry L. and Mrs. Louise A. Smith[.]" *Smith I*, Dkt. 81, at ¶2.

3        Mr. and Mrs. Smith proceeded pro se in *Smith I*, with Mr. Smith operating under the false

4  but sincerely-held belief that he was not liable to pay income taxes. Dkt. 41. T. Smith dep. 78:5,

5  6. Mrs. Smith was apparently generally aware of Mr. Smith's "troubles" with the IRS in *Smith I*,

6  but she "did not think that [she] had any tax debts" and "had no reason not to trust him." Dkt. 37,

7  at 2. Mrs. Smith also states that she "similarly thought that [Mr. Smith] was taking care" of

8  things when the United States foreclosed on the Smiths' vessel and two parcels of land in

9  execution of the judgment. Dkt. 37, at 3. *See Smith I*, Dkt. 79, at 3 and 13, ¶¶3, 5. Following the

10  *Smith I* judgment, Mrs. Smith wrote a letter to the Court, stating: "We were not granted a jury

11  trial—the attorneys were most likely afraid my husband would be right and the case would be

12  dismissed. We should at least be given the chance to sell the vessel for what it is truly worth

13  monetarily." Dkt. 88.

14        The United States filed this case in December of 2014 to enforce its alleged right to

15  foreclose its liens on the Subject Property. Dkt. 1, at ¶¶1-3. The United States alleges that nearly

16  five-hundred thousand dollars remain outstanding and brings three claims for declaratory relief.

17  Dkt. 1, at ¶¶1-3. Claim One seeks a declaratory judgment that The Blue Bear Company is a

18  fictitious entity and that its purported mortgage is not enforceable or is not a valid security

19  interest. Dkt. 1, at 8. Because the parties stipulated that Blue Bear "does not encumber the

20  Subject Property," Claim One is resolved. Dkt. 23, at ¶4. *See* Dkt. 1, at ¶¶27-38. Claim Two,

21  which seeks declaratory judgment that a $10 billion lien against Mr. Smith is fictitious and is not

22  enforceable or is not a valid security interest, is likewise resolved, given the parties' stipulation

23   

24   

ORDER ON (1) UNITED STATES' MOTION FOR
SUMMARY JUDGMENT AGAINST TERRY L.
SMITH, LOUISE A. SMITH, TERRY L. SMITH
AND LOUISE A. SMITH REVOCABLE LIVING
TRUST, AND BLUE BEAR COMPANY; (2)
DEFENDANT LOUISE A. SMITH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT;  AND
(3)- 3

1   that the "Claim of General Lien . . . does not encumber the Subject Property." Dkt. 23, at ¶5.  *See*

2   Dkt. 1, at ¶¶39-46. Claim Three remains. In Claim Three, the United States seeks enforcement of

3   its right to foreclose its liens against the Subject Property.  Dkt. 1, at ¶¶47-58.

4          Mrs. Smith filed for Innocent Spouse Relief for the first time on September 1, 2015, a

5   request that the United States denied on September 28, 2015. Dkt. 37, at 4.

6                                    SUMMARY JUDGMENT STANDARD

7          Summary judgment is proper only if the pleadings, the discovery and disclosure materials

8   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

9   movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is

10  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

11  showing on an essential element of a claim in the case on which the nonmoving party has the

12  burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue

13  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for

14  the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

15  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

16  metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a

17  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

18  requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby,*

19  *Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

20  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

21         The determination of the existence of a material fact is often a close question. The court

22  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH

24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 4

1   e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

2   *Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor

3   of the nonmoving party only when the facts specifically attested by that party contradict facts

4   specifically attested by the moving party. The nonmoving party may not merely state that it will

5   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

6   to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

7   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

8   be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

9                                              DISCUSSION

10          Claim Three presents the question of whether the United States can foreclose on the

11   Subject Property. As a threshold matter, the Court notes that the United States has both a federal

12   tax lien and a judgment lien, both identified in *Smith I*. There can be no reasonable dispute that

13   Mr. Smith neglected to pay taxes owed, which triggers a federal tax lien. *See* 26 U.S.C. § 6321

14   (federal tax liens attach to "all property and rights to property, whether real or personal" and

15   arise against "any person liable to pay any tax [who] neglects or refuses to pay the same after

16   demand"). There also can be no reasonable dispute that this Court issued a judgment lien due to

17   taxes owed. Dkt. 81, at ¶¶1, 2. *See* 28 U.S.C. § 3201(a). Although the United States has both a

18   federal lien and a judgment lien, the parties disagree as to whether those liens can be enforced

19   against the Subject Property.

20          Mrs. Smith raises two defenses to the United States' enforcement action: the United

21   States has no right to satisfy Mr. Smith's debt with Mrs. Smith's share of the Subject Property,

22   which is community property, because Washington's community debt doctrine does not apply,

23   ORDER ON (1) UNITED STATES' MOTION FOR
     SUMMARY JUDGMENT AGAINST TERRY L.
     SMITH, LOUISE A. SMITH, TERRY L. SMITH
     AND LOUISE A. SMITH REVOCABLE LIVING
24   TRUST, AND BLUE BEAR COMPANY; (2)
     DEFENDANT LOUISE A. SMITH'S MOTION
     FOR PARTIAL SUMMARY JUDGMENT;  AND
     (3)- 5

1   but (2) even if allowable for the United States to do so, Mrs. Smith was not afforded notice and

2   procedural protections, such as those provided in 26 U.S.C. § 66. Dkt. 35, at 11-24. Mr. Smith

3   separately argues that he was not afforded consumer due process owed to him under 26 U.S.C. §

4   6320. Dkt. 38. The United States counters each argument and also argues that each of them

5   should be barred by res judicata. Dkt. 45, at 4-7; Dkt. 47.

6   A.   Community debt doctrine

7         Mrs. Smith argues that the community debt doctrine does not apply, because Mr. Smith's

8   tax liability was not incurred for the material benefit of the community. Dkt. 35, at 17-22.

9         Under Washington law, "community real estate shall be subject to . . . liens of judgments

10  recovered for community debts[.]" RCW 26.16.040. All debt incurred by either spouse during

11  marriage is presumptively community debt, a general presumption only overcome by clear and

12  convincing evidence to the contrary. *Oil Heat Co. of Port Angeles, Inc. v. Sweeney*, 26 Wn.App.

13  351, 353 (1980); *Sunkidd Venture, Inc. v. Snyder-Entel* 87 Wn.App. 211, 215 (1997).

14        The Court addressed the applicability of the community debt doctrine in *Smith I*, in its

15  summary judgment analysis (*see* Section entitled, "Liens on the Marital Community," Dkt. 79, at

16  11-12), and its final judgment (". . . federal tax liens on all property and rights to property of Mr.

17  Smith as well as the marital community"). Dkt. 81, at ¶2. *See also*, Dkt. 79, at ¶¶1, 2. Mrs. Smith

18  makes a blatant attempt to re-litigate the same cause of action that should be barred by res

19  judicata.[1] This is the same cause of action, because a finding that Mr. Smith's tax liabilities were

20  not enforceable against the marital community would destroy the same rights and interests

21  _____

22        [1] The parties do not dispute the other elements of res judicata. *See Seattle First Bank v. Kawachi*, 91 Wn.2d 223 (1978).

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH

24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 6

1  established, result in the presentation of the same evidence, infringe on the same rights, and

2  involve the same transactional nucleus of facts. *Rains v. State*, 100 Wn.2d 660 (1983), citing to

3  *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). *See First Pac.*

4  *Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128-29 (9th Cir. 2000). It is not an injustice to deny

5  consideration, because Mrs. Smith, a party to *Smith I*, clearly contemplated the consequences of

6  the *Smith I* judgment immediately after its issuance, reflected in her letter to the Court. Dkt. 88.

7  Mrs. Smith did not appeal the judgment. Repeating the litigation would undermine the repose

8  and finality the parties deserve. *Southern Pac. R. Co. v. U.S.*, 168 U.S. 1, 48 (1897).

9        Even were the Court to consider the (in)applicability of the community debt doctrine,

10  Mrs. Smith makes no showing to overcome the presumption that the tax liability was not

11  community debt. Mrs. Smith points to the tax liability itself, which was assessed against Mr.

12  Smith only, but this conflates the issue of tax assessment with tax collection, and has no bearing

13  on whether a creditor, the United States in this case, can collect the debt from the marital

14  community. *See, e.g., MacIntyre v. United States*, 222 F.3d 655, 658-69 (9th Cir. 2000), *Cancino*

15  *v. United States*, 451 F.2d 1028, 1033-34 (Ct. Cl. 1971). Applying Mrs. Smith's definition of

16  community debt, created where "there was a reasonable expectation the community would

17  receive a material benefit from [the community debt]," Dkt. 35, at 18, the record shows that Mrs.

18  Smith 'benefitted' from the tax evasion, because the Smiths spent the tax monies owed

19  elsewhere. Dkt. 36-1, at 25; Dkt. 36-2, at 8. Even if raising a defense about the inapplicability of

20  the community debt doctrine was not barred by operation of law, it would be unsuccessful on the

21  facts presented here.

22  B.  26 U.S.C. § 66

23  ORDER ON (1) UNITED STATES' MOTION FOR
SUMMARY JUDGMENT AGAINST TERRY L.
SMITH, LOUISE A. SMITH, TERRY L. SMITH
AND LOUISE A. SMITH REVOCABLE LIVING

24  TRUST, AND BLUE BEAR COMPANY; (2)
DEFENDANT LOUISE A. SMITH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT;  AND
(3)- 7

1       Mrs. Smith also argues that if the tax liabilities are to be enforced against the marital

2    community, rather than just Mr. Smith, then she should have been afforded certain procedural

3    protections, such as a Notice of Deficiency or an administrative process that would have

4    considered relief available to her under 26 U.S.C. § 66. Dkt. 35, at 13-16.

5       As a threshold matter, like Mrs. Smith's argument about the inapplicability of the

6    community debt doctrine, this issue should be barred by res judicata. However, were the issue

7    not precluded, Mrs. Smith's challenge would be unavailing. Whether Mrs. Smith received a

8    Notice of Deficiency is a nonissue, because the United States need not issue any taxpayer a

9    Notice of Deficiency except where it assessed a deficiency against that individual, and the parties

10   agree that the tax liability was assessed against Mr. Smith personally, not Mrs. Smith. *See* 26

11   U.S.C. §§ 6212, 6213. That assessment did not control the liability of the marital community.

12      26 U.S.C. § 66, which codifies "innocent spouse provisions" for community property

13   states, such as Washington, addresses three types of situations where a spouse who does not

14   receive the benefit of community income or earnings can avoid the obligation to pay income tax

15   on the other spouse's income or earnings. *Hardy v. C.I.R.* 181 F.3d 1002, 1007 (9th Cir. 1999).

16   Subsection (a) of § 66, inapplicable here, addresses when spouses live apart. Subsection (b)

17   allows the United States to "charge a community state taxpayer the tax on his or her entire

18   income if he or she acted as if solely entitled to such income and failed to notify [his or her]

19   spouse of the income prior to the due date for filing taxes[.]" *Id.* (quotations omitted). Subsection

20   (b) is also inapplicable here, because Mrs. Smith does not aver, and there is no evidence in the

21   record to suggest, either that Mr. Smith acted as if he—and not the marital community—was

22   solely entitled to his income or earnings, or that Mr. Smith failed to notify Mrs. Smith of the

23   ORDER ON (1) UNITED STATES' MOTION FOR
SUMMARY JUDGMENT AGAINST TERRY L.
SMITH, LOUISE A. SMITH, TERRY L. SMITH

24   AND LOUISE A. SMITH REVOCABLE LIVING
TRUST, AND BLUE BEAR COMPANY; (2)
DEFENDANT LOUISE A. SMITH'S MOTION
FOR PARTIAL SUMMARY JUDGMENT;  AND
(3)- 8

1  same. Subsection (c) provides for tax relief for an innocent spouse if four criteria are met,

2  including that the individual establishes that she did not know of, or had no reason to know of an

3  item of community income and where assessing the tax would be inequitable. *See* §66(c). Again,

4  there is no evidence to support a finding that Mrs. Smith was unaware of Mr. Smith's income

5  and earnings, which benefitted the marital community. And even if Mrs. Smith was unaware of

6  the specific amount owed, "a spouse's unawareness of the exact amount . . . is not determinative

7  of knowledge . . . [but] is determined with reference to knowledge of a particular income-

8  producing activity." *Id*. (quoting from *McGee v. Commissioner*, 979 F.2d 66, 70 (5th Cir. 1992)

9  (quotations omitted).  In sum, even if Mrs. Smith's argument about notice and participation in an

10  administrative process was not barred by res judicata, it would be unsuccessful under 26 U.S.C.

11  § 66.

12  C.  26 U.S.C. § 6320

13       Mr. Smith argues that the United States "may not go forward with this case" to enforce

14  its liens against the Subject Property, because Mr. Smith was not given proper notice under 26

15  U.S.C. § 6320.

16       Section 6320 states that the United States "shall notify in writing . . . the filing of a notice

17  of lien[.]" The notification must be served in a particular way within 5 days of the filing of a

18  notice of lien, and it must contain certain content, including the right to an administrative hearing

19  before the IRS Office of Appeals. *Id*. While § 6320 applies to liens enforced by the United States

20  generally, another provision, 26 C.F.R. § 201.6320-1, "Notice and opportunity for hearing upon

21  filing of notice of federal tax lien," gives more detail for notice requirements specific to federal

22

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH
24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 9

1   tax liens. In a Q & A format, the provision answers the question of what happens if a taxpayer

2   does not receive notice of a federal tax lien because the IRS failed to send it:

3       "A: A [notice of federal tax lien] NFTL becomes effective upon filing. The validity
        and priority of a NFTL is not conditioned on notification to the taxpayer pursuant to
4       section 6320. Therefore, the failure to notify the taxpayer concerning the filing of a
        NFTL does not affect the validity or priority of the NFTL." § 201.6320-1, A-A12
5       (emphasis added).

6       Mr. Smith's argument fails for two main reasons. First, and most importantly, lack of

7   notice does not invalidate a federal tax lien. § 201.6320-1. Second, even if it could, Mr. Smith

8   does not articulate exactly what notice it was that he did not receive, forcing the Court to

9   speculate. If referring to notice of the federal tax lien that was the subject of *Smith I*, Mr. Smith is

10  unquestionably barred by res judicata from raising the issue now, having already been given a

11  full and fair opportunity to litigate the underlying claim. If referring to notice Mr. Smith believes

12  he should have received concerning the Subject Property, Mr. Smith fails to articulate how

13  receiving notice would change the outcome, so any technical notice error, if any, is harmless. Mr.

14  Smith's reasoning is ultimately unpersuasive and does not provide a basis to disallow the United

15  States from foreclosing on the Subject Property.

16                                      * * *

17      Mrs. Smith and Mrs. Smith's defenses raised do not provide a sufficient basis to obstruct

18  the United States from enforcing its federal tax lien and judgment lien against all community

19  property, including the Subject Property. The United States' liens should attach to the Subject

20  Property, and the United States should be permitted to foreclose on the property.

21      //

22      /

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH
24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 10

1    By issuing this Order, the Court by no means minimizes the impact of the *Smith I*

2  judgment on Mr. and Mrs. Smith's enjoyment of the Subject Property, which is their home. The

3  United States is nonetheless entitled to enforce the federal tax lien and judgment lien on all assets

4  of the marital community, including the Subject Property. This Order does not address and

5  should not be interpreted to preclude defenses specific to the Subject Property, which have not

6  been raised. *See* Dkt. 45, at 6 fn. 3.

7                                          * * *

8    Therefore, it is hereby **ORDERED** that

9  (1) The United States' Motion for Summary Judgment (Dkt. 39) is **GRANTED AS FOLLOWS**

10    but is **OTHERWISE DENIED**:

11        <u>Claim One</u>: Any interest by The Blue Bear Company in the Subject Property does
          not encumber the Subject Property or its foreclosure by the United States.
12

13        <u>Claim Two</u>: Any lien by Terry-Lee of the Family Smith filed against the Subject
          Property does not encumber the Subject Property or its foreclosure by the United
          States.
14

15        <u>Claim Three</u>: The United States' federal tax lien and judgment lien attach to the
          Subject Property and may be foreclosed. The United States is permitted to sell the
          Subject Property in satisfaction of said liens and to apply the net proceeds to Mr.
16        Smith's unpaid tax liabilities. The United States has second priority liens on the
          Subject Property behind Jefferson County. Dkt. 33.

17
   (2) Louise a Smith's Motion for Partial Summary Judgment (Dkt. 35) is **DENIED**.
18
   (3) Terry L. Smith's Motion for Partial Summary Judgment (Dkt. 38) is **DENIED**.
19
       //
20
       /
21

22

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH
24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 11

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing pro se at said party's last known address.

3    Dated this 8th day of February, 2016.

4

5

6    ROBERT J. BRYAN
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  ORDER ON (1) UNITED STATES' MOTION FOR
    SUMMARY JUDGMENT AGAINST TERRY L.
    SMITH, LOUISE A. SMITH, TERRY L. SMITH
24  AND LOUISE A. SMITH REVOCABLE LIVING
    TRUST, AND BLUE BEAR COMPANY; (2)
    DEFENDANT LOUISE A. SMITH'S MOTION
    FOR PARTIAL SUMMARY JUDGMENT;  AND
    (3)- 12